# UNITED STATES DISTRICT COURT

## District of Connecticut

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| v. | CASE NO: 3:14-CR-194 (AWT) <br> USM NO.: 14034-014 |
| GARRETT SANTILLO | *Tracy L. Dayton* <br> Assistant United States Attorney |
| | *Kelly M. Barrett, Esq.* <br> Defendant's Attorney |

**FILED** 2016 AUG -9 P 6: 57 DISTRICT COURT HARTFORD CT

**THE DEFENDANT:** Pled guilty to Count Two of an Indictment.

Accordingly the defendant is adjudicated guilty of the following offense(s):

| **Title & Section** | **Nature of Offense** | **Offense Concluded** | **Count(s)** |
|---|---|---|---|
| 18:876(c) | Mailing Threatening Communications | August 19, 2014 | Two |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984. The court concluded that a "Guidelines sentence," as opposed to a "non-Guidelines sentence," see United States v. Crosby, 397 F.3d 103, 112 n.6 (2d Cir.2005), was appropriate in this case.

## PROBATION

The defendant shall serve a five year term of probation. In determining the advisory Guidelines range, the court departed to Zone A based on a combination of three factors: (1) the defendant's mental illness makes a departure pursuant to U.S.S.G. § 5H1.3 appropriate; (2) the defendant's extraordinary efforts of rehabilitation; and (3) the court concluded that no other treatment plan could be developed for this defendant that would be as effective as this one requiring a sentence of probation, including any plan developed by the Bureau of Prisons, because of the superior knowledge of the treatment professionals who have been working with the defendant for a lengthy period of time and the benefits of continuity.

The Mandatory and Standard Conditions of Probation as attached are imposed. In addition, the following Special Conditions are imposed:

1. Mr. Santillo will reside at the Continuum of Care residence and grounds, 980 N. Colony Road, Meriden, CT, 203-935-0293, and will be permitted to leave the Continuum of Care grounds only with staff supervision. Staff will be on site 24 hours per day. In addition, Mr. Santillo will have a 1:1 staff member dedicated to him for eight hours per day (usually 10 AM-6 PM). Mr. Santillo will not be permitted to leave the Continuum of Care residence without permission for any reason or duration, and if he were to do so, Continuum of Care would report it immediately to Probation. Family may visit Mr. Santillo at Continuum of Care during pre-approved visiting times and as approved by the team (requests for additional visits must be made at least 48 hours in advance). Staff will provide privacy during family visits at Continuum of Care. Family and Mr. Santillo may visit in the community, however, if visits take place in the community with the family, staff supervision will be provided. Continuum-sponsored overnight programs (such as camping trips) will be determined on a case-by-case basis and will require approval of the entire treatment team (including U.S. Probation). Friends and other individuals Mr. Santillo meets in the community are prohibited from visiting the Continuum of Care residence. Mr. Santillo may not visit residents of Connecticut Valley Hospital. Until further order of the court, Mr. Santillo will not be permitted to visit his family's home.

2. Mr. Santillo will avoid all contact, directly or indirectly, with any person who is a victim in this case.

3. Mr. Santillo will attend individual psychotherapy once per week. Until further order of the court, the psychotherapy will be conducted by Dr. Jacqueline McDaniel at Rushford Center. Mr. Santillo will attend regular family therapy sessions at the Continuum of Care clinic in New Haven, CT. Mr. Santillo will participate in the Continuum of Care residential programming in attending at least one scheduled group and one scheduled individual outing per day including but not limited to health, wellness and exercise per week. Mr. Santillo will sign a release of information authorizing treatment staff to communicate with the United States Probation Office. Transportation for treatment will be provided by Continuum of Care. It is understood that team meetings will be held to review treatment interventions, progress, program modifications and treatment compliance. These meetings will be intra-disciplinary and may include Mr. Santillo, his family, his clinicians, residential program staff/manager, probation officer, attorney, and/or additional consultants as clinically indicated by his treatment team. He will be expected to follow the instructions provided by the team regarding his daily schedule, treatment participation, and rules for the residential home. During this team meeting, Mr. Santillo's requests for privileges, changes in his program, or concerns will be reviewed. Any recommended changes requiring court approval will be brought to Probation and/or the court's attention as needed.

4. Mr. Santillo will not possess a firearm, destructive device, or other weapon.

5. No letter writing or mailing (including emailing) of any communication is permitted. Journal writing is permitted only in the pre-numbered page journal provided by Continuum of Care. No pages or articles will be added or taken out of this journal. Any additional documents or other paper – legal, clinical/treatment, residential (behavioral plans, court documents, recipes, other program-related material) – will be kept in separate binders and in a locked location which he can view and have access with staff. For privacy, Mr. Santillo or his family may purchase a safe in which the binders will be kept for which only Mr. Santillo will have the access code. Each paper that is locked up will be initialed by the person giving it to Mr. Santillo or by the staff receiving it from him. The paper will then be placed in the binder and numbered. Probation will spot check the number of pages (in journal and binders) randomly each month to ensure that no pages or pieces of pages have been torn out. Probation will not review content, but rather will check only to ensure that all page numbers are accounted for. Mr. Santillo's treating therapist and defense counsel will periodically review the content of the journal for problematic writings. Problematic writings will be discussed and addressed in therapy with Dr. McDaniel. Mr. Santillo will not tear out any paper from his journal or any other form of paper. If there is an accidental rip or tear, Mr. Santillo will report it immediately to staff to show the ripped pieces, and staff will put them back in the book. All journals that are completely filled out will be turned over to counsel for Mr. Santillo. No writing will be permitted anywhere other than in the numbered journal, on the white board calendar in Mr. Santillo's room, filling out treatment-related forms, signing program documents, or court documents approved by counsel or Probation. Mr. Santillo will not write on any other materials; examples of such are newspapers, magazines, paper towels, wallpaper, walls, or any other form of paper other than his journal.

6. Mr. Santillo is not permitted to have newspapers or periodicals in his room that are published more than one time per year. Mr. Santillo should have only five books at a time that should be traded in after six months.

7. No cell phone or IPOD with camera access or internet access at the residence or in the community is permitted. No other electronics should be purchased without prior approval from Continuum of Care staff. Mr. Santillo will have no access to a camera, voice recorder or Internet while residing at Continuum of Care, however, staff may look up destinations or information for activities or outings for Mr. Santillo, but only these discrete topics. Staff will not look up court cases or deaths of people for Mr. Santillo. Mr. Santillo should not have access to the smart television internet access, such as YouTube, in the house by himself, however, he may participate in groups in which staff utilizes smart television and YouTube as part of the group activities.

8. All telephone calls, incoming and outgoing, will be made on a designated cell phone (without internet access) to be purchased by Mr. Santillo or his family and to be retained by residential staff when not in use. Access to designated phone with restricted phone list to include family, friends, primary care physician, Rushford clinician, approved Continuum Staff (e.g., Gretchen Elder), EBT balance information, Social Security information, legal representative, probation officer only. The phone list may be amended, however, any changes must be approved by treatment team. Mr. Santillo must agree to record all calls in a communication log. Mr. Santillo will provide access to his cell phone incoming and outgoing call records by Probation. Probation will periodically review the cell phone call logs for compliance with this condition.

Mr. Santillo may dial the phone himself. Staff will provide privacy during telephone calls. Mr. Santillo will not have to verify the numbers he is dialing, and staff will not have to sign off on his call log. Mr. Santillo will not block his number when making calls. Mr. Santillo will not be required to log any incoming calls.

9. Mr. Santillo will make only two withdrawals per month of $100 each, totaling $200 per month cash on hand. Any purchases over $600 must be approved by Mr. Santillo's family and Continuum of Care staff. Mr. Santillo may not purchase any items that would be located outside of his bedroom without prior approval from Continuum of Care staff.

10. Mr. Santillo's personal items should be kept in his bedroom or other locked area provided by Continuum of Care.

11. Any known violations of Mr. Santillo's conditions of release will be reported directly to the U.S. Probation Officer by the Continuum of Care staff, clinician or other care providers in the community. Following the reporting Mr. Santillo and his family will be notified of violations by the treatment team in a team meeting.

## CRIMIINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments (as follows) or (as noted on the restitution order).

**Special Assessment:** $100.00 due and payable immediately
**Fine:**              $   0.00
**Restitution:**       $   0.00

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment, are paid.

The following counts have been dismissed: Counts 1, 3, 4, 5, 6, 7, 8 and 9

August 2, 2016
Date of Imposition of Sentence

/s/ Judge Alvin W. Thompson
United States District Judge
Date: August 9, 2016

## CONDITIONS OF PROBATION

In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:

### MANDATORY CONDITIONS

- ■ (1) The defendant shall not commit another federal, state or local offense;
- ☐ (2) For a felony, the defendant shall (A) make restitution, (B) give notice to victims of the offense pursuant to 18 U.S.C. section 3555, or (c) reside or refrain from residing, in a specified place or area, unless the court finds on the record that extraordinary circumstances exist that would make such a condition plainly unreasonable, in which event the court shall impose one or more of the discretionary conditions set forth under 18 U.S.C. section 3563(b);
- ■ (3) The defendant shall not unlawfully possess a controlled substance;
- ☐ (4) For a domestic violence crime as defined in 18 U.S.C. section 3561(b) by a defendant convicted of such an offense for the first time, the defendant shall attend a public, private, or non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;
- ☐ (5) **The court is waiving the condition that the defendant refrain from any unlawful use of a controlled substance, and submit to random drug testing, because there is a low risk of future substance abuse by this defendant.**
- ■ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;
- ☐ (7) The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments;
- ☐ (8) If the court has imposed a fine, the defendant shall pay the fine or adhere to a court-established payment schedule;
- ☐ (9) (A) In a state in which the requirements of the Sex Offender Registration and Notification Act (see 42 U.S.C. §§ 16911 and 16913) do not apply, a defendant convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4) (Pub. L. 105-119, § 115(a)(8), Nov. 26, 1997) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation, or is a student; or
  (B) In a state in which the requirements of Sex Offender Registration and Notification Act apply, a sex offender shall (i) register, and keep such registration current, where the offender resides, where the offender is an employee, and where the offender is a student, and for the initial registration, a sex offender also shall register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence; (ii) provide information required by 42 U.S.C. § 16914; and (iii) keep such registration current for the full registration period as set forth in 42 U.S.C. § 16915;
- ■ (10) The defendant shall cooperate in the collection of a DNA sample from the defendant.

### CONDITIONS OF SUPERVISED RELEASE

While on supervised release, the defendant shall also comply with all of the following Standard Conditions:

### STANDARD CONDITIONS

(1) The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;
(2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
(4) The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
(6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment, or if such prior notification is not possible, then within five days after such change;
(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;
(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10) The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
(13) The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.

**Upon a finding of a violation of probation, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.**

**These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.**

(Signed) _____     _____
                Defendant                                                                 Date

              _____     _____
              U. S. Probation Officer/Designated Witness            Date

**CERTIFIED AS A TRUE COPY ON THIS DATE:** _____

By: _____
     Deputy Clerk

Judgment received by U.S. Marshal at _____ on _____

                                          Print name     Brian Taylor
                                                                     Acting United States Marshal

                                          By: _____
                                                                      Deputy Marshal